UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRELL TRAYSHAWN JOHNSON,<br><br>            Petitioner,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>            Respondent. | Case No. 19-1068-TSZ<br><br>REPORT AND RECOMMENDATION |

Petitioner brings this 28 U.S.C. § 2254 habeas action to challenge the April 15, 2019 revocation of his release on community custody. (*See* Dkt. # 4-1; Dkt. # 4-2 at 1.) Petitioner appealed the revocation order to the Washington State Department of Corrections Appeals Panel, but he did not seek review in the Washington State Courts. (*See generally* Dkt. # 4-1.)

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules") requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).

REPORT AND RECOMMENDATION - 1

It plainly appears from Petitioner's submissions that he is not entitled to relief because he did not exhaust his state-court remedies. *See Martin v. Balducci*, No. 12-2016, 2013 WL 2435071, at *1 (W.D. Wash. June 3, 2013) (dismissing habeas petition challenging probation revocation for failure to exhaust). Before seeking federal habeas relief, a state prisoner must exhaust the remedies available in the state courts. A petitioner may properly exhaust his state remedies by "fairly presenting" his claim in each appropriate state court, including the state supreme court with powers of discretionary review, thereby giving those courts the opportunity to act on his claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Alternatively, a petitioner may technically exhaust his state remedies by demonstrating that his "claims are now procedurally barred under [state] law." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (quoting *Castille v. Peoples*, 489 U.S. 436, 351 (1989)); *see also Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) (en banc). Petitioner's claims are not properly exhausted because he has not sought review in the Washington State Courts. His claims are not technically exhausted because there is no indication that state law would procedurally bar his claims; he can still raise them in the state courts.

Because Petitioner has not exhausted his state-court remedies, the Court recommends that this action be DISMISSED without prejudice. The Court further recommends that a certificate of appealability be denied because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed twelve pages.

REPORT AND RECOMMENDATION - 2

1  Failure to file objections within the specified time may affect your right to appeal. Objections
2  should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days
3  after they are served and filed. Responses to objections, if any, shall be filed no later than
4  **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the
5  matter will be ready for consideration by the District Judge on the date that objections were due.
6      Dated this 5th day of August, 2019.

*/s/ Michelle L. Peterson*
MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3